Matter of Hackett (2020 NY Slip Op 07843)





Matter of Hackett


2020 NY Slip Op 07843


Decided on December 23, 2020


Appellate Division, Fourth Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ. (Filed Dec. 23, 2020.)


&em;

[*1]MATTER OF MARK J. HACKETT, JR., A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, PETITIONER.



Per Curiam


OPINION AND ORDER
Final order of suspension entered.
Opinion: Respondent was admitted to the practice of law by this Court on February 22, 1985, and he formerly maintained an office in Batavia. In January 2020, the Grievance Committee filed a petition alleging against respondent two charges of professional misconduct, including neglecting a client matter and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition in December 2019, he failed to file an answer thereto or to request from this Court an extension of time in which to do so. The Grievance Committee subsequently filed a motion for an order, inter alia, finding respondent in default. Although respondent was served with the motion in August 2020, and his personal appearance was required on the return date thereof pursuant to 22 NYCRR 1020.8 (c), respondent failed to file a response to the motion or to appear on the return date. Consequently, by order entered September 18, 2020, this Court granted the motion of the Grievance Committee, found respondent in default, deemed admitted the charges of misconduct, suspended respondent from the practice of law on an interim basis, and directed him to appear before this Court and to show cause why a final order of discipline should not be entered. Respondent thereafter failed to appear on the return date of the show cause order and otherwise failed to contact the Court.
With respect to the charges of misconduct, respondent admits that, in 2016, he represented a client in a workers' compensation matter and, after a settlement was reached, the client received notices from the Centers for Medicare and Medicaid Services (CMS) that the client owed $6,241.22 to CMS. Respondent admits that he advised the client that the notices were a scam and that she should ignore them. Respondent further admits that, after the client received a notice from a debt collection company stating that the client's social security payments would be garnished to satisfy the debt to CMS, respondent failed to respond to inquiries from the client regarding the matter or to take any action on her behalf. Respondent additionally admits that, from September 2018 through July 2019, he failed to provide timely and complete responses to inquiries regarding the matter from the Grievance Committee and from a committee of a local bar association authorized to investigate grievance complaints.
We find respondent guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b)—neglecting a legal matter entrusted to him;
rule 1.4 (a) (3)—failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4)—failing to comply in a prompt manner with a client's reasonable requests for information; and
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice.
In determining an appropriate sanction, we have considered the nature of respondent's admitted misconduct, which includes harm or prejudice to a client, as well as his failure to participate in the grievance investigation or the disciplinary proceeding before this Court, which evinces a disregard for his fate as an attorney (see Matter of Shaw, 180 AD3d 1, 4 [4th Dept 2019]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of two years and until further order of this Court. In addition, in the event that respondent applies to this Court for reinstatement to the practice of law, he must sufficiently explain in his application for reinstatement the circumstances of his default in this matter.